FILED

2010 MAR -4 PM 4: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Talal Chammout
Reg. #63245-097
Lompoc FCC-Low
3600 Guard Rd.
Lompoc, CA. 93436

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

TALAL CHAMMOUT,      )   Case No.
                     )   **CV10-01627** RGK (FMO)
        Petitioner,  )
                     )   **MOTION UNDER 28 U.S.C. §2241**
vs.                  )   **A WRIT OF HABEAS CORPUS**
                     )
                     )
LINDA SANDERS,       )
                     )
        Respondent.  )
                     )

        COMES NOW, Petitioner, Talal Chammout, in pro-se, hereby respectfully moves this Court to review and grant this Motion under 21 U.S.C. §2241, a Writ of Habeas Corpus, in the above referenced cause.

                            **BACKGROUND**

        Petitioner actions are in referenced to an request for correction by the Federal Bureau of Prisons (BOP) Custody Classification. The BOP has declined to change petitioner's Custody Classification of "Greatest Severity".

                            **JURISDICTION**

        The federal habeas statues provides that the "the writ of habeas corpus shall not extend to a prisoner ... unless he is in custody on violation of the Constitution of laws or treaties of he United States...." 28 U.S.C. §2241(c)(3).

        Writs of habeas corpus may be granted by the Supreme Court, any justices thereof, the district courts and any circuit judge within their

LODGED
CLERK, U.S. DISTRICT COURT

MAR - 3 2010

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

respective jurisdictions. 28 U.S.C. §2241(a). Further, a §2241 may be filed in the district court having the jurisdiction over the appellant's custodian. United States v. Jalili, 925 F.2d 889, 893-94 (9th Cir. 1991).

A motion pursuant to §2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions, Jiminian v. Nash, 245 F.3d 144, 147 (2nd Cir. 2001). The Ninth Circuit has used similar language in Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The Court noted that challenges to the "manner. location, or condition of a sentence execution" must be brought pursuant to 28 U.S.C. §2241.

### STATEMENT OF THE CASE

On September 21, 2009, petitioner submitted an BOP Cop-out, requesting a file a BP-8.5 pursuant to the his Custody Classification in which petitioner was given 7 points for "Greatest Severity". (Exhibit A)

On September 22, 2009, the informal resolution of the BP-8.5 was denied. (Exhibit B) On September 28, 2009, petitioner filed a BP-9, appealing the denial of the BP-8.5. (Exhibit C) The BP-9, was denied on October 14, 2009. (Exhibit D)

Petitioner filed a BP-10, appealing the denial of the BP-9, with the BOP Western Region on October 28, 2009. (Exhibit E) The Western Region denied the BP-10, on November 23, 2009. (Exhibit F) Petitioner submitted on December 9, 2009, a BP-11, appealing the denial of the BP-10, with the BOP Central Office. (Exhibit G) This was received by the Central Office on December 15, 2009, and indicted a response date of January 24, 2010. (Exhibit H) On January 21, 2010, the Central Office submitted that additional time was needed to respond until February 13, 2010. (Exhibit I)

As of this filing the petitioner had not received any response, and there have been no other actions in the instant case.

### STATEMENT OF THE FACTS

Petitioner recites that STATEMENT OF THE FACTS as relevant in addition to the following facts:

Petitioner had been advised by BOP staff in September 2009, that he had been given an increase of 7 points, and categorized as "Greatest Severity" in the Custody Classification. Petitioner was informed that this was due to an allegation from his former wife. Petitioner asserted that he was not charged or given any enhancements pursuant to any such allegation from out of court statements by his former wife.

In the September 22, 2009 denial, BOP officials stated, "Program Statement 5100.08, Security Designation and Custody Classification Manual, states, under Appendix A, Page 1, Greatest Severity, Weapons-distribution of automatic weapons, exporting sophisticated weaponry, branishing of threatening use of a weapon. The instant offense involved purchasing firearms with intent to ship to the Middle East/Iragq. Upon arrest the following were found in his possession: 40 additional firearms, including 3 AK47s, a Tech 9, clips for assault rifles, stripper clips, and ammunition and a Mini-14 assualt rifle. Additionally, according to page 5 of the PSI, Chammout met with an Undercover-Officer posing an a hit man to discuss the contract killing of his ex-wife. Therefore, the PSF of Greatest Severity is appropriate."

Petitioner appealed this decision to the Lompoc Federal Correctional Complex Warden, Linda Sanders in a BP-9 on September 28, 2009. Petitioner argued that he was never charged with or convicted of distribution of automatic weapons, exporting, sophisticated weaponry, branishing or threatening use of a weapon. Petitioner asserted that his conviction was in

possession of a weapon by a convicted felon under 18 U.S.C. §922(g)(1). Petitioner also asserted that the sentencing court did not make any references to such claims that the BOP is relying on.

Petitioner further argued that any charges pursuant to the BOP response is that Congress has embodied in 18 U.S.C. §§§§922(a)(1)(A), 922(e), 922(f), and 922(h) to 922(n) for offenses referenced in the denial of the BP-8.5. Petitioner's federal indictment was in pursuant to 18 U.S.C. §922(g)(1), "who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year." Petitioner contended if he had violated any of the referenced sections for distribution of automatic weapons, exporting sophisticated weaponry, branishing or threatening use of a weapon he would have been charged and indicted.

Petitioner also asserted that there was no valid charge of conspiracy to commit first degree murder in a federal or state court. Petitioner argues that to use the a non chargeable offense was an abuse of discretion, arbitrary and capricious based on no factual legal foundation by any court.

Warden Sanders upheld the decision in the denial of the BP-9. Also, Robert E. McFadden, Western Regional Director in the denial of the BP-10. Petitioner appealed to the BOP Central Office stating the earlier claims. The Central office requested additional time to respond until February 13, 2010, and as of this filing has not responded.

### ARGUMENTS

I.   **PETITIONER HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES AND CAN PROCEED IN FEDERAL COURT**

"Federal prisoners are required to exhaust federal administrative remedies prior to bring a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). "A[s] a prudential matter, courts require petitioners to 'exhaust available judicial

and administrative remedies before seeking redress under §2241.'" Castro-Cortes v. I.N.S., 239 F.3d 1036, 1047 (9th Cir. 2001). abrogated on other grounds, Fernandez-Vargas v. Gongales, 548 U.S. 10, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006).

The exhaustion requirements aids judicial review by "allowing the appropriate development of a factual record in an expert forum; conserv[ing] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[ing] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruiwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules, because no adjudicative system can be function effectively without imposing some orderly structure on the course of its proceedings. Woodford v. Ngo, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Proper exhaustion thus "means ... a prisoner must complete the applicable procedural rules, including deadlines, as precondition to bringing in federal court." Id.

Administrative exhaustion rules protect an agency's authority by giving the agency the first opportunity to resolve a controversy before a court intervenes in the dispute, and promotes judicial efficiency either by resolving the dispute outside if the courts, or by providing a factual record that can aid the court in proceeding a petitioner's claim. McCarthy v. Madigan, 503 U.S. 140, 145-46, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992).

Petitioner argues that the Central Office as of this filing date has not responded by the Extension of Time date of February 13, 2010. Thus, under C.F.R. §542.18, "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the

absence of response to be denied at that level." Therefore, petitioner argues that the record is clear that there has been an exhaustion of administrative remedies.

## II. BOP ERRED IN THE DENIAL OF PETITIONER'S ADMINISTRATIVE REMEDIES CLAIM WHICH WAS ARBITRARY CAPRICIOUS AND AN ABUSE OF DISCRETION

Under 5 U.S.C. §706(2)(A), "To the extent necessary to a decision and when present, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall hold unlawful and set aside agency actions, findings, and conclusion found to be arbitrary, capricious, and abuse of discretion to otherwise not in accordance with law."

Under the arbitrary and capricious standard, a reviewing court must consider whether "the decision was based in a consideration of the relevant factors and whether there has been a clear error of judgement. The court shall review the whole record or those parts of it cited by a party, and due account shall be taken if the rule prejudicial error." Citizens to Preserve Overton Park Inc. v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

A reasonable basis exist where the agency "considered relevant factors and articulated connections between the facts found and the choices made." Ranchers Cattleman Action Legal Defense Fund v. Dept. of Agriculture, 415 F.3d 1078, 1093, (9th Cir. 2005). Although agencies enjoy wide discretion in fashioning regulations the statutes that they are charged with administering. 5 U.S.C. §706 of APA requires that they articulated a rational when they exercise that discretion. This is not an empty requirement. Arrington v. Daniels, 516 F.3d 1106, 1114 (9th Cir. 2008). "When an agency fails to provide an explanation for its actions we are left

with no means of reviewing reasonableness of that actions." Burlington Truck Lines Inc. v. United States, 371 U.S. 156, 168, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962).

In the instant case, petitioner is challenging the BOP's determination pursuant to his Custody Classification, of "Greatest Severity". The basis for the BOP determination is a reliance on Program Statement 5100.08, of distribution of automatic weapons, exporting sophisticated weaponry, branishing of threatening to use a weapon in his federal sentence.

Petitioner argues that the information used by the BOP is erroneous and non factual. The instant case is analogous to Sellers v. Bureau of Prisons, 959 F.2d 307, 310-11 (D.C. Cir. 1992) In Sellers, the BOP used erroneous Presentence Report (PSR) as well as other erroneous information contained in his files to make a determination adverse to him. BOP used erroneous information in Petitioner's PSR as well relating to allegation that have been determined unfounded.

Petitioner argues that an PSR is a recommedation and report by the United States Probation Office. The sentencing court did not adopt the entire recommendation and report. The sentencing court adopted the relevant facts of the foundation of the facts under 18 U.S.C. §922(g)(1), and criminal history. What the court noted and found that petitioner was not involved any distribution of automatic weapons, exporting sophisticated weaponry, branishing of threatening to use a weapon. The sentencing also found that there was no factual legal argument to distribution of weapons to Iraq, or other foreign countries. Petitioner has not been found by any court of the allegation by the BOP that it used in its determination of increasing of his severity category of "Greatest Severity" under the Custody and Classification.

Petitioner also argues that the allegations of hiring an hit man to

7.

kill his ex-wife are unfounded. There were no charges in any federal or state court pursuant to any conspiracy to commit first degree murder. Petitioner asserts that the BOP conclusions based on inaccurate information in the PSR, which was not adopted by the sentencing court. White v. U.S. Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998).

The clear evidence by the petitioner that the BOP was in error in judgement, based on inaccurate information which was arbitrary, capricious and an abuse of discretion. Citizen to Preserve Overton Park Inc., 401 U.S. at 416. Furthermore, there was irrational choices by the BOP is considering the petitioner's Custody Classification Severity be determined as "Greatest Severity". BOP did not consider the facts of a report and recommendation, and the final adopted findings of the court which are relevant factors found. There was no relevant factors found by the BOP which is clearly articulated by the sentencing court to justify the choices made. Ranchers Cattleman Action Legal Defense Fund, 415 F.3d at 1093.

The Supreme Court held that the BOP exercise discretion afforded the agency in the denial to a class of prisoner's eligible for early release in Lopez v. Davis, 531 U.S. 230, 239-41, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). The Ninth Circuit did not disagree with the holdings in Lopez, but articulated in Arrington, that administrative record is essential in review an determination. 516 F.,3d at 1114. Thus, under 5 U.S.C. §552(a) BOP administrative files for the petitioner are inaccurate.

This Court must consider whether the decision of the BOP was based in consideration of relevant facts and whether there has been clear error in judgement of the denial of petitioner's custody classification. North Carolina v. Federal Aviation Admin., 957 F.2d 1125 (4th Cir. 1994). Petitioner argues that the BOP has exceeded its discretion under Lopez, by using inaccurate information.

The instant case is analogous to Jennings v. Federal Bureau of Prisons, 657 F.Supp.2d 65, 69 (D.C. Cir. 2009), in that the prisoner challenged the BOP security designation that increased his custody level. One of the factors reflected in the BOP records, was that Jennings had escaped charge from a detention facility, which affected his custody level, in raising it. The court concluded that "[O]nly those acts for which there are documented findings of guilt." As the court noted that the BOP "has been corrected to reflect no escape history."

In the instant case there is no documented findings of guilt which has subjected the petitioner to an higher custody classification under PS 5100.08. As in Jennings where the BOP has corrected the inaccurate information, the BOP must do the same in the instant case.

The Eighth Circuit has held pursuant to agency discretion, "There must be a strong showing of bad faith or improper behavior before a reviewing court may permit discovery and evidentiary hearing supplementation of the administrative decisions makes it to be avoided unless it is the only way there can be effective judicial review." Voyegeurs Nat'l Oark Ass'n v. Norton, 381 F.3d 759 (8th Cir. 2004).

Based on the bad faith by BOP officials, there is a need for this inquiry. Also, this Court is permitted to set aside a agency's action that is arbitrary, capricious, and an abuse of discretion or otherwise not in accordance of the law. Arrington, 516 F.3d at 11161 (citing Chevron U.S.A. v. Natural Resources Defense Counsel, 467 U.S 837, 104 S.Ct. 2788, 81 L.Ed.2d 694 (1984)).

Petitioner is suffering an adverse affect of this improper custody classification scoring pursuant to PS 5100.08, that precludes him from being placed in an lower custody facility. This determination of the BOP of using inaccurate information violates petitioner's Due Process  Rights.

## CONCLUSION

THEREFORE, based on the foregoing argument, petitioner respectfully moves this Court to grant an Order for the BOP to correct the custody classification, with the elimination of "Greatest Severity."

Respectfully submitted,

February 26, 2010

Talal Chammout

## CERTIFICATE OF SERVICE

I, certify that a true and correct copy of the foregoing was placed in prison official's hands on this 26th day of February 2010, for depositing in the U.S. mail to the following:

United States Attorney
312 N. Spring St.
Los Angeles, CA. 90012

Warden Linda Sanders-Hand Delivered
Lompoc FCC-Low
3600 Guard. Rd.
Lompoc, CA. 93436

Respectfully submitted,

Talal Chammout

EXHIBIT A

BP-A148.005
SEP 99

**INMATE REQUEST TO STAFF**

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member)<br>Mr. Webster | DATE:<br>September 21, 2009 |
|---|---|
| FROM:<br>Talal Chammout | REGISTER NO.: 63245-097 |
| WORK ASSIGNMENT:<br>Rec AM | UNIT:    BED ASSIGNMENT:<br>C04-002L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

As per our conversation earlier today. I would respectfully request to file a BP-8.5 pursuant to a issue with my Custody Classification, "Severity". I was scored at 7 points. I wrote to Ms. Velasco and was informed that this was due to allegations relating to my wife. I am objecting to these points in that I was not charged, nor did the court imposed any enhancements for this allegation. If these statement by my wife are true then I would have certainly been charged or given enhancements. I wrote to the Probation office and their response

SEE BACK PAGE

(Do not write below this line)

DISPOSITION:

Base Scoring is (7) - greatest Severity.
Was Scored like this based on something his was illegal.
Does not feel this is correct based on what someone said + was never charged except for a possession of 922G1
(felon)                    firearm.

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

**SECTION 6**

Exhibit B

October 12, 2006
Attachment 1

INFORMAL RESOLUTION INSTRUCTIONS:  STAFF MUST COMPLETE AND ATTACH THE
ORIGINAL OF THIS FORM TO EACH BP-9, WHEN THE COMPLAINT CANNOT BE INFORMALLY
RESOLVED.  THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM,
EXCEPT THOSE APPEALING UDC/IDC ACTIONS.  INFORMAL RESOLUTION FORMS WILL
NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: Chammout, Talal    REG. NO.: 63245-097    UNIT: B

DATE BP-9 REQUESTED:_____

DATE BP-9 ISSUED    :_____

DATE BP-9 RETURNED :_____


INMATE'S COMPLAINT:
Inmate Chammout feels his Custody Classification of Greatest Severity is
incorrect.  He claims that his wife made false accusations that are and
were unfounded.  He also claims the only charge he received was Felon in
Possession of a Firearm 922 G1.

RELIEF REQUESTED:
Remove the Greatest Severity classification.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: Program Statement 5100.08,
Security Designation and Custody Classification Manual, states, under
Appendix A, Page 1, Greatest Severity, Weapons- distribution of automatic
weapons, exporting sophisticated weaponry, brandishing or threatening use
of a weapon.  The instant offense involved purchasing firearms with intent
to ship to the Middle East/Iraq.  Upon his arrest the following were found
in his possession: 40 additional firearms, including 3 AK47s, a Tech 9,
clips for assault rifles, stripper clips, and ammunition and a Mini-14
assault rifle.  Additionally, according to page 5 of the PSI, Chammout met
with an Undercover Officer posing as a hit man to discuss the contract
killing of his ex-wife.  Therefore, the PSF of Greatest Severity is
appropriate.


CORRECTIONAL COUNSELOR: J. Webster_____    DATE: 09-22-2009

UNIT MANAGER'S COMMENTS/ASSISTANCE:



UNIT MANAGER: Jeff Brewer_____    DATE: 09-22-2009

**INFORMAL RESOLUTION**


DATE:    09-22-2009_____

U.S. DEPARTMENT OF JUSTICE          EXHIBIT C          REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Chammout, Talal, A | 63245-097 | A | Lompoc FCC-Low |
|---|---|---|---|---|
| | **LAST NAME, FIRST, MIDDLE INITIAL** | **REG. NO.** | **UNIT** | **INSTITUTION** |

**Part A– INMATE REQUEST**

I am appealing the denial on September 22, 2009 of my BP-8.5, Informal Resolution, pursuant to my Custody Classification of "Greatest Severity" The reasons stated in the denial was references "Program Statement 5100.08, Security Designation and Custody Classification Manual, states, under Appendix A, Page 1, Greatest Severity, Weapons distribution of automatic weapons, exporting sophicticated weaponry, brandsihing or threatening use of a weapon. The offense involved purchasing firearms with the intent to ship to the Middle East/Iraq." There is a list of weapons, and associated equipment found. Also, stated is that "according to page 5 of PSI, Chammout met with an Undercover Officer posing as a hit man to discuss the contract killing of his ex-wife." (Exhibit A).

First, I was never charged or convicted of distribution of automatic weapons, exporting sophisticated weaponry, brandishing or threatening use of a weapon. Only possession of a weapon by a convicted felon 18 U.S.C. §922(g)(1). Nor did the court make any references to such. Any charges pursuant to the response, Congress had embodied in 18 U.S.C. §§§§§922(a)(1)(A), 922(e), 922(f), and 922(h) to 922(n) for offenses referenced in the denial of the BP-8.5. The indictment was pursuant to 18 U.S.C. 922(g)(1)," who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year. Clearly, if I would have violated any of the referenced 18 U.S.C. §922's other than

SEE CONTINUATION PAGE

| 9-28-09 | (signature) |
|---|---|
| **DATE** | **SIGNATURE OF REQUESTER** |

**Part B– RESPONSE**



RECEIVED

OCT 2 2009

Legal Department
FCC Lompoc

| | |
|---|---|
| **DATE** | **WARDEN OR REGIONAL DIRECTOR** |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: 558844 F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | **LAST NAME, FIRST, MIDDLE INITIAL** | **REG. NO.** | **UNIT** | **INSTITUTION** |
|---|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| **DATE** | **RECIPIENT'S SIGNATURE (STAFF MEMBER)** |

USP LVN          Printed on Recycled Paper

BP-229(13)
APRIL 1982

EXHIBIT C-2

REQUEST FOR ADMINISTRATIVE REMEDY CONTINUATION PAGE

Chammout, Talal, A    Reg. #63245-097,    A-Unit    Lompoc-FCC-Low

§922(g)(1), I would have been indicted for.

Further, if   the allegation of a hit man were valid I would be facing a charge of conspiracy to commit first degree murder either in federal court, or state court. To use these non chargeable offense to increase my security level is an abuse of discretion, and arbitrary and capricious based on no factual foundation determined by a court. The court clearly has jurisdiction under relevant conduct to enhance a sentence based on any criminal conduct during the charged offense. This was not pursued by the United States Attorney, or the District Court.

Therefore, I am respectfully seeking a remedy of a correction of my Custody and Classification scoring to eliminate Greatest Severity.


9-28-09
Date


Talal A. Chammout

EXHIBIT D

CHAMMOUT, Talal
Register Number: 63245-097
Administrative Remedy ID Number: 558844-F1

This is in response to your Request for Administrative Remedy, received on October 2, 2009, in which you request removal of the Greatest Severity Public Safety Factor from your Male Custody Classification form.

A review of this matter reveals the following. You were sentenced to 78 months for Felon in Possession of Firearms. Program Statement 5100.08, Security Designation and Custody Classification Manual, Appendix A, Page 1, categorizes greatest severity offenses as, "Greatest Severity, Weapons - distribution of automatic weapons, exporting sophisticated weaponry, and brandishing or threatening use of a weapon." Your instant offense involved purchasing automatic weapons with intent to ship them overseas. Additionally, the following weapons were found in your possession: 40 firearms, including 3 AK47s, a Tech 9, clips for assault rifles, stripper clips, ammunition and a Mini-14 assault rifle. Additionally, according to your Presentence Investigation Report, you met with an undercover officer posing as a hit-man to discuss the contract killing of your ex-wife. Therefore, you are appropriately classified with a Greatest Severity Public Safety Factor.

Accordingly, your request for Administrative Remedy is denied. If you are not satisfied with this reply, you may submit an appeal on the appropriate form (BP-10) to the Regional Director within twenty (20) days of the date of this response.

_____          __10/14/09__
Linda Sanders, Warden                     Date

EXHIBIT E

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: ___Chammout, Talal, A_____    ___63245-097___    __B-Unit__    __Lompoc___    __FCC-Low__
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　　REG. NO.　　　　　UNIT　　　　　INSTITUTION

**Part A—REASON FOR APPEAL**

　　I am appealing the October 14, 2009 denial decision of Warden Linda Sanders, (Exhibit A) in referenced to my BP-9 (Exhibit B). in relationship to Custody and Classification under Program Statement 5100.08, of Greatest Severity Public Safety Factor. The denial states that under "Greatest Severity" - weapon, - distribution of automatic weapons, exporting sophisticated weaponry, brandishing or threatening use of weapon, with the intent to ship overseas.

　　First, I was never charged or convicted of distribution of automatic weapons, exporting sophisticated weaponry, brandishing or threatening use of a weapon, under 18 U.S.C. §§§§922(a)(1)(A), 922(e), 922(f), and 922(h) to 922(n). I was only convicted of 18 U.S.C. §922(g)(1) possession by a felon.

　　Further, the allegation of hiring a hit man, are just that allegations, There were no charges pursuant to this allegation. If there was any foundation to this allegation, state or federal law enforcement would have filed charges.

　　Therefore, I am requesting a remedy of a correction of my Custody and Classification scoring to eliminate the Greatest Severity.


October 28, 2009
_____　　　　　　　　　　　　　_____
　　　　　　DATE　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**


_____　　　　　　　　　_____
　　　　　DATE　　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　　　　　　　　CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____　　_____　　_____　　_____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

SUBJECT: _____

EXHIBIT F

558844-R1                     CHAMMOUT, Talal                    63245-097
FCC Lompoc


This is in response to your Regional Administrative Remedy Appeal of the Warden's decision dated October 14, 2009.  You state you should not be scored with a Greatest Severity offense on your Custody Classification form.  Specifically, you state you were not charged with distributing automatic weapons nor hiring a hit-man.  Therefore, the Greatest Severity offense score does not apply.

Your appeal has been investigated.  A review of your Custody Classification and sentencing information was completed.  You were sentenced for the offense of Felon in Possession of a Firearm. According to your Pre-Sentence Report (PSR), the Offense Conduct Section relates that you were acquiring weapons and sending them to destinations outside of the United States (U.S.).  The plea agreement states, you were in possession of firearms including those that were semi-automatic capable.  Program Statement 5100.08, *Inmate Security Designation and Custody Classification*, defines severity of current offense as the most severe documented instant offense behavior regardless of the offense for which the individual was convicted.  Although, you were convicted of Felon in Possession of a Firearm, your instant offense is scored as greatest severity based on your total offense behavior.  In Program Statement 5100.08, the Offense Severity Scale defines Weapons under Greatest Severity as "distribution of automatic weapons, and exporting sophisticated weaponry..."  You purchased weapons with the intent of exporting them outside of the U.S. to destinations in the Middle East.  You are appropriately classified with a Greatest Severity Offense and a Security Level of Low.

Based on the above, your request for Regional Administrative Remedy Appeal is denied.  If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.


11-23-09
_____                    _____
     Date                          Robert E. McFadden, Regional Director

**U.S. Department of Justice**                    EXHIBIT G                    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Chammout, Talal, A.**                    **63245-097**              **D06-019L**          **Lompoc-Low**
_____      _____      _____      _____
LAST NAME, FIRST, MIDDLE INITIAL                    REG. NO.                UNIT              INSTITUTION

**Part A—REASON FOR APPEAL**

I am appealing the November 23, 2009, denial decision by Western Regional Director, Robert E. McFadden, pursuant to my custody classification of Greatest Severity. The basis for the denial is that according to the PSR, the Offense Conduct Section alleges that I was acquiring weapons and sending them to designations outside of the United States. I totally disagree with the findings by Mr. McFadden, in that the United States District Court addressed this matter at sentencing. The court found as stated in the transcripts that pursuant to charged or uncharged conduct in allegation of shipping weapons overseas, (PSR page 16, paragraph 72). "And the Court here is satisfied that although there's a lot of smoke, we don't have the fire. We don't have evidence that preponderance to show that the defendant actually engaged in terrorist activities. I'm confident he would have been charged if he had." (Exhibit A, pg. 56, L16-21). Therefore, the basis ever for uncharged conduct as the court has held is unfounded, arbitrary, capricious, and an abuse of discretion. Therefore, I am respectfully requesting a correction of my Custody Classification to reflect an elimination of Greatest Severity.

December 9, 2009
_____                    _____
DATE                                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                    _____
DATE                                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

**Part C—RECEIPT**                          CASE NUMBER: _____

Return to: _____  _____  _____  _____
LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.      UNIT        INSTITUTION

SUBJECT: _____

_____                    _____
DATE                        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)
                                                                               APRIL 1982
USP LVN

EXHIBIT  H

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JANUARY 19, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : TALAL ALI CHAMMOUT, 63245-097
      LOMPOC FCI    UNT: B    QTR: D06-019L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 558844-A1
DATE RECEIVED   : DECEMBER 15, 2009
RESPONSE DUE    : JANUARY 24, 2010
SUBJECT 1       : SECURITY/CUSTODY CLASSIFICATION - EXCEPT PSF APPEALS
SUBJECT 2       :
INCIDENT RPT NO:

Exhibit I

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: JANUARY 21, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : TALAL ALI CHAMMOUT, 63245-097
      LOMPOC FCI     UNT: B     QTR: D06-019L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 558844-A1
DATE RECEIVED   : DECEMBER 15, 2009
RESPONSE DUE    : FEBRUARY 13, 2010
SUBJECT 1       : SECURITY/CUSTODY CLASSIFICATION - EXCEPT PSF APPEALS
SUBJECT 2       :
INCIDENT RPT NO:

Talal Chammo...
Reg. #63245-
Federal Corr
3600 Guard R
Lompoc, CA. 93436

SPECIAL/LEGAL MAIL*****

Clerk of the Court
U.S. District Court
312 N. Spring St.
Los Angeles, CA. 90012

Santa Barbara CA 931-
MON 01 MAR 2010 PM

RECEIVED
CLERK, U.S. DISTRICT COURT

MAR - 3 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ MU

2241



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive
and Clerk of Court

Thursday, March 04, 2010

TALAL CHAMMOUT
#63245-097
3600 GUARD RD.
LOMPOC, CA 93436

Dear Sir/Madam:

Your petition has been filed and assigned civil case number        CV10- 1627 RGK (FMO)

Upon the submission of your petition, it was noted that the following discrepencies exist:

[X] 1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover, American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at all payment windows where receipts are issued.

[ ] 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

[ ] (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its entirety.

[ ] (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized officer at the prison.

[ ] (d) You did not use the correct form.  You must submit this court's current Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court

AGRAGERA

By: _____

Deputy Clerk

CV-111  (07/06)          **NOTICE re: DISCREPENCIES FOR FILING OF HABEAS CORPUS PETITION**



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive
and Clerk of Court

Thursday, March 04, 2010

**TALAL CHAMMOUT**
**#63245-097**
**3600 GUARD RD.**
**LOMPOC, CA 93436**

Dear Sir/Madam:

A [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number CV10- 1627 RGK (FMO)

A [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case number _____ and also assigned the civil case number _____

A [ ] Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and assigned civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

[ ] District Court Judge _____

[X] Magistrate Judge _____**Fernando M. Olguin**_____

at the following address:

[X] U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA  90012

[ ] Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA  92701-4516

[ ] U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court

By: ___AGRAGERA_____

Deputy Clerk

CV-17 (06/09)          **LETTER re FILING H/C PETITION or 28/2255 MOTION**